

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:                    Attention: Mr. Will Mann Richardson

Opinion No. O-3486
Re: A corporation incorporated
under subdivision 17 of
Article 1302, V.A.C.S.,
may not legally engage in
the business of buying
and selling beer and wine.

Your request for an opinion has been received and care-
fully considered by this Department. We quote from your re-
quest as follows:

"We have been furnished with an application
for a charter in which the wording of Subdivision
17 of Article 1302 is used as the purpose clause.

"The attorney for the incorporators has
stated that the corporation wishes to act as a
Class B Wholesaler under the State Liquor Control
Act and also as a general distributor. The firm
wishes to buy and sell beer and wine and they wish
to know whether such a business can be operated
under the terms of that purpose clause. The beer
and wine will be produced in accordance with the
laws of this state, but the question is whether the
term 'non-intoxicating' in the statutes prohibits
such a business for a corporation formed under this
subdivision.

"An early opinion upon this point is requested."

Hon. Wm. J. Lawson, page 2

Subdivision 17 of Article 1302, Vernon's Annotated Texas Civil Statutes, reads as follows:

"To manufacture ice and non-intoxicating beverages, and in connection therewith, to operate a general storage business; provided, that no beverage of any kind prohibited by any law of this State from being manufactured, sold or stored, shall be so manufactured, sold, stored or in any manner kept in the possession of any company so incorporated."

Article 666-3a, Vernon's Annotated Texas Penal Code, reads in part as follows:

"The following definitions of words and terms shall apply as used in this Act:

" 'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted.

" 'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey, liquor, wine, brandy, gin, tequilla, meseal, habanero, or barreteage, shall be prima facie evidence that the same is liquor as herein defined.

" 'Wine and vinous liquor' shall mean the product obtained from the alcoholic fermentation of judee of sound ripe grapes, fruits, and berries."

Article 667-1, Vernon's Annotated Texas Penal Code, reads in part as follows:

"Where used in this Article unless expressly stated otherwise:

"(b) The term 'beer' means a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four (4) per

Hon. Wm. J. Lawson, page 3

cent of alcohol by weight, and shall not be
inclusive of any beverage designated by label
or otherwise by any other name than beer."

The courts will take judicial knowledge that beer and
wine are intoxicating liquors. See the cases of Griffin vs.
State, 128 S. W. (2d) 1197 (beer) and Terry vs. State, 128
S. W. (2d) 1202 (wine).

You are respectfully advised that it is the opinion of
this department that a corporation incorporated under sub-
division 17 of Article 1302, Vernon's Annotated Texas Civil
Statutes, may not legally engage in the business of buying and
selling beer and wine.

APPROVED MAY 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:N

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE